IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| SCOTT R. WOLFE,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a<br>Delaware Corporation<br><br>Defendant. | CV-09-166-BLG-RFC-CSO<br><br>ORDER |

On August 29, 2011, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (F&R)(*Doc. 73*) with respect to Defendant BNSF Railway Company's (BNSF) Motion for Summary Judgment (*Doc. 47*). Magistrate Judge Ostby recommends that BNSF's Motion be Granted. Judge Ostby concluded that, because Plaintiff's claim is tied to alleged abuses of a collective bargaining agreement's (CBA) investigatory process, his state law claim was preempted by Railway Labor Act (RLA) codified at 45 U.S.C.§151 et seq.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days in which to file written objections. 28 U.S.C. § 636(b)(1). In this

1

case, Plaintiff timely filed an objection on September 12 , 2011 (*Doc. 75*). BNSF Responded to Plaintiff's objections on September 26, 2011 (*Doc. 76*).

Defendant's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

Plaintiff objects to the Findings and Recommendation on several grounds. Primarily, Plaintiff argues that Judge Ostby erred in recommending dismissal based on preemption under the RLA when his first theory concerned pre-hearing misconduct which, he argues, did not involve interpretation of the CBA.

After a *de novo* review, the Court finds Judge Ostby properly found Plaintiff's claims were preempted by the RLA. At the outset, Plaintiff's attempt to parse out paragraph 26A into a separate theory outside the scope of the CBA is unavailing. Plaintiff's allegations of pre-hearing negligence and mismanagement by BNSF are tied to the investigation and subsequent discharge which would necessarily trigger application and consideration of the CBA. The facts surrounding Plaintiff's claim appear to be inextricably intertwined with the grievance procedures controlled by the CBA.

Judge Ostby properly applied *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994). Particularly, Judge Ostby correctly concluded that Plaintiff's claim

asserts a right based on state law but requires interpretation of the CBA mandating preemption. See *Id.* at 261. Furthermore, Plaintiff's objections concerning the Montana Supreme Court case of *Winslow v. Montana Rail Link,* 16 P.3d 992 (Mont. 2000) are misplaced. Judge Ostby correctly distinguished the present case due to the Amended Complaint specifically invoking the CBA, which was absent in *Winslow*.

The remainder of Plaintiff's objections are vague, conclusory, and without sufficient support. They are therefore, overruled.

For the reasons set forth above, **IT IS HEREBY ORDERED**:

(1) Magistrate Judge Ostby's Findings and Recommendations (*Doc. 73*) are adopted in its entirety.

(2) BNSF's Motion for Summary Judgment (*Doc. 47*) is **GRANTED**.

The Clerk of Court is directed to enter Judgment in favor of Defendant, notify the Parties of the making of this Order and close this case.

DATED this 9th Day of January, 2012.

Richard Cebull
U.S. District Court Judge

3