IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
FEB 2 2 2017
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| SCOTT R. WOLFE, <br><br> Plaintiff, <br><br> vs. <br><br> BNSF RAILWAY COMPANY, a Delaware corporation <br><br> Defendant. | CV 09-166-BLG-SPW <br><br> OPINION AND ORDER |

Before the Court is Defendant BNSF's Motion for Summary Judgment. (Doc. 131). BNSF argues it is entitled to judgment as a matter of law on Plaintiff Scott Wolfe's negligent mismanagement claim regarding the reinstatement process and on Wolfe's punitive damages claim. For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the motion.

I.  Facts[1]

Wolfe is a longtime employee of BNSF. In December 2008, Wolfe worked in Shelby, Montana, as a track inspector for the first time. Before then, he worked primarily as a foreman and a machine operator at BNSF. BNSF provided Wolfe with a hi-rail truck, which can be driven along the rails, to inspect track.

---

[1] The majority of these facts are taken from the Ninth Circuit's opinion in *Wolfe v. BNSF*, 749 F.3d 859 (9th Cir. 2014).

1

On the morning of December 18, 2008, Wolfe requested track authority from the dispatcher, James Trotchie, to go east on a particular stretch of track. Trotchie did not hear whether Wolfe requested east or west. (Doc. 56-10 at 25). Trotchie assumed Wolfe wanted to go west and granted Wolfe's request. (Doc. 56-10 at 25). Trotchie was aware there was a westbound train approaching from the east. (Doc. 56-10 at 29). Wolfe, thinking he had been approved to go east, headed east.

Wolfe encountered the westbound train head on. Wolfe jumped off the hi-rail truck before it was hit by the train. The truck was damaged, but Wolfe was not physically injured.

BNSF conducted a formal investigation into the accident, determined Wolfe was at fault, and terminated his employment. Wolfe challenged his termination before the National Railroad Adjustment Board (NRAB). The NRAB reduced Wolfe's termination to a long-term suspension and ordered him reinstated.

Wolfe filed a complaint in Montana state court under Mont. Code Ann. § 39-2-703, which creates a cause of action against railways for negligent mismanagement. Wolfe's amended complaint alleged BNSF's mismanagement caused the collision which led to his dismissal ("Collision Claim") and that BNSF mismanaged the subsequent investigation ("Investigation Claim"). (Doc. 69). The amended complaint included a claim for punitive damages ("Punitives Claim").

2

BNSF removed the case to federal court and filed for summary judgment, arguing Wolfe's claims were preempted by the Railway Labor Act. This Court granted summary judgment to BNSF. Wolfe appealed to the Ninth Circuit. The Ninth Circuit affirmed in part and reversed in part. The Ninth Circuit held the Investigation Claim was preempted but the Collision Claim was not preempted.

While the case was on appeal, Wolfe underwent a medical exam as part of the reinstatement process. (Doc. 133 at 3). BNSF concluded Wolfe failed the medical exam and refused to reinstate Wolfe. (Doc. 133 at 3-4). On remand from the Ninth Circuit, Wolfe moved to amend the complaint, which this Court granted. (Doc. 101). Wolfe's second amended complaint alleges BSNF mismanaged Wolfe's reinstatement process ("Reinstatement Claim"). (Doc. 102).

## II. Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III. Discussion

BNSF argues summary judgment is appropriate on the Reinstatement Claim because, among other reasons, the Reinstatement Claim is time-barred and does not relate back to the original complaint. Wolfe agrees the claim is time-barred, but argues the Reinstatement Claim does relate back. BNSF contends summary judgment is appropriate on the Punitives Claim because there is no evidence of actual malice. Wolfe responds Trotchie's conduct is evidence of actual malice.

### A. The Reinstatement Claim does not relate back to the Collision Claim because it relies on different facts than the Collision Claim

An otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading. Under Rule 15(c)(1)(B), an amendment asserting a new claim relates back to the date of the original pleading if the amendment "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999,

4

1004 (9th Cir. 2014). An amended claim arises out of the same conduct, transaction, or occurrence if it "will likely be proved by the same kind of evidence offered in support of the original pleading." *ASARCO*, 765 F.3d at 1004 (internal quotation and citation omitted). To relate back, "the original and amended pleadings must share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *ASARCO*, 765 F.3d at 1004. The relation back doctrine of Rule 15(c) is "liberally applied." *ASARCO*, 765 F.3d at 1004.

Here, the Reinstatement Claim does not relate back to the Collision Claim because the claims rest on entirely different facts. The Collision Claim alleges BNSF mismanaged Wolfe when another employee caused the collision and Wolfe was subsequently fired. (Doc. 69, ¶¶ 25-27). The Reinstatement Claim alleges BNSF mismanaged Wolfe when, more than three years after the collision, it did not reinstate him. (Doc. 102, ¶¶ 17-18). The claims involve separate occurrences that contain no "common core of operative facts" because the claims rest on facts that occurred more than three years apart. *ASARCO*, 765 F.3d at 1004. The "same kind of evidence" does not prove both claims because whether BNSF's negligent mismanagement caused the collision is irrelevant to whether BNSF's negligent mismanagement caused Wolfe to not be reinstated. *ASARCO*, 765 F.3d at 1004.

5

The Reinstatement Claim does not relate back and BNSF is therefore entitled to summary judgment as a matter of law.

**B.     Trotchie's conduct is evidence of actual malice because he knew there was a westbound train coming from the east, did not know which way Wolfe requested to go, and assumed Wolfe wanted to go west**

Reasonable punitive damages may be awarded when the defendant has been found guilty of actual fraud or actual malice. Mont. Code Ann. § 27-1-221(1). A defendant acted with "actual malice" if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and (a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff or (b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff. Mont. Code Ann. § 27-1-221(2). A plaintiff is not required to prove actual malice at the summary judgment stage, but rather that a genuine dispute exists with regard to the allegation. *Hagen v. Dow Chemical Co.*, 863 P.2d 413, 420 (Mont. 1993). However, a plaintiff must allege and show something more than mere negligence. *Barnes By and Through Barnes v. United Industry, Inc.*, 909 P.2d 700, 703-704 (Mont. 1996) (overruled on other grounds).

Here, Trotchie's conduct is evidence of actual malice. There are two facts Trotchie knew that created a high probability of injury to Wolfe. First, Trotchie knew there was a westbound train coming from the east. Second, Trotchie knew

6

he did not hear which way Wolfe requested to go. Trotchie did not mishear Wolfe say west; Trotchie did not hear Wolfe say one way or the other. (Doc. 56-10 at 25). Trotchie arguably intentionally disregarded or acted with indifference to those two facts when he assumed Wolfe wanted to go west and granted the request. (Doc. 56-10 at 25). Trotchie's conduct is evidence of actual malice and BNSF is therefore not entitled to summary judgment as a matter of law.

## IV. Conclusion

The Reinstatement Claim does not relate back to the Collision Claim. Trotchie's conduct is evidence of actual malice. BNSF's Motion for Summary Judgment (Doc. 131) is therefore GRANTED IN PART and DENIED IN PART. Because the Court grants BNSF's Motion with respect to the Reinstatement claim, BNSF's Motion to Strike Plaintiff's Response (Doc. 142) is DENIED as moot.

DATED this 22nd day of February, 2017.

SUSAN P. WATTERS
United States District Judge